UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NANCY FRANCIS | CIVIL ACTION NO. 6:16-cv-00718 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| BROOKSHIRE GROCERY COMPANY, D/B/A/ SUPER 1 FOODS | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the motion for summary judgment (Rec. Doc. 20), which was filed by the defendant, Brookshire Grocery Company. The motion is opposed, and oral argument was held on July 27, 2017. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court grants the motion and dismisses the plaintiff's claims with prejudice.

### BACKGROUND

Nancy Francis, the plaintiff in this lawsuit, alleged that she was injured when she slipped at a Super 1 Foods & Discount Pharmacy in New Iberia, Louisiana, which is owned and operated by the defendant Brookshire Grocery Company ("Brookshire"). She alleged that she slipped on a wet slippery substance, but did not fall. As a result, she alleged she sustained injuries to her lumbar spine, right shoulder, right arm, and other parts of her body. When Brookshire's employee Tasha Nora arrived to the scene of the incident, she found a small amount of a liquid substance

that she determined to be chicken blood. Therefore, the plaintiff alleged that her slipping on the chicken blood caused her resulting injuries.

The plaintiff was deposed and admitted she did not see the chicken blood when she first passed in the area and only saw it as she slipped. Nora and the defendant's store director Faron Thibodeaux were also deposed. Neither of them witnessed the incident and neither of them were aware how long the chicken blood was on the floor before the accident.

Brookshire produced surveillance video that shows the area where the accident happened. Although the video shows several people - Brookshire employees and customers - walked in the area where the plaintiff slipped, the chicken blood cannot be seen on the video and no one appeared to notice anything on the ground. In fact, two minutes before the plaintiff slipped she walked over the exact same area and admitted that she did not see the chicken blood on the floor. Within the two minutes that the plaintiff left the area and then slipped when she returned, two customers passed the exact area.

The plaintiff argues that Brookshire is liable for the injuries that she sustained as a result of slipping on their premises. Brookshire contends that the plaintiff cannot meet the elements required for a successful merchant liability claim.

## ANALYSIS

**A.** **THE SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

When both parties have submitted evidence of contradictory facts, a court is bound to draw all reasonable inferences in favor of the nonmoving party.[8] The court cannot make credibility determinations or weigh the evidence, and the nonmovant cannot meet his burden with unsubstantiated assertions, conclusory allegations, or a scintilla of evidence.[9] "When all of the summary judgment evidence presented by

---

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

[9] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d at 540.

both parties could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment is proper."[10]

B.  **THE APPLICABLE STATUTE**

In this case where jurisdiction is based on diversity, Louisiana state substantive law is applicable.[11] Therefore, Brookshire's liability for the plaintiff's accident and injury is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, which reads as follows in its entirety:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

---

[10] *Greene v. Syngenta Crop Protection, Inc.*, 207 F.Supp.2d 537, 542 (M.D. La. 2002), citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[11] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

The statute requires a plaintiff to prove three things: (1) there was a condition that presented an unreasonable risk of harm, (2) the merchant either created the condition or had actual or constructive notice of the condition, and (3) the merchant failed to exercise reasonable care. If the plaintiff fails to prove any one of those three

elements, the merchant is not liable. The Louisiana Supreme Court has found this statute to be clear and unambiguous.[12]

## C. THE PLAINTIFF FAILED TO PROVE THAT BROOKSHIRE IS LIABLE

It is alleged that a wet substance, which was identified as chicken blood by a Brookshire employee, was a condition that presented an unreasonable risk of harm. It is undisputed that after the plaintiff slipped, a Brookshire employee found a wet substance that was red in color and appeared bloody. Therefore, solely for purposes of this motion, the defendant does not challenge the first of the three elements necessary for a successful merchant liability claim.

The plaintiff contends either (1) a Brookshire employee caused the chicken blood to be on the floor in the plaintiff's path, (2) a Brookshire employee knew that the chicken blood was on the floor in the plaintiff's path, or (3) the chicken blood was on the floor in the plaintiff's path for such a period of time that it would have been discovered had Brookshire exercised reasonable care. However, Brookshire argues that the plaintiff cannot prove this second element of her cause of action, and this Court agrees.

The plaintiff argues that Brookshire created the condition because they stocked packages of meat that they knew were prone to leak and then failed to exercise

---

[12] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 09/09/97), 699 So.2d 1081, 1084.

reasonable care to prevent them from leaking on the floor. The video surveillance does not demonstrate where the chicken was actually stocked and no evidence was offered by the plaintiff to demonstrate where it was actually stocked beyond speculation that it was stocked in a cooler around the corner from the location of the plaintiff's slip. For the specific incident at issue the plaintiff presented no evidence establishing that Brookshire caused the chicken blood to be on the floor in the plaintiff's path or that any Brookshire employee actually knew, before the accident, that chicken blood was on the floor in the plaintiff's path. Therefore, the plaintiff can prevail only if she proves that Brookshire had "constructive notice," as that term is defined in the statute, that chicken blood was on the floor.

Constructive notice carries with it a temporal requirement. The Louisiana Supreme Court explained this aspect of constructive notice as follows:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time. . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.[13]

---

[13] *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1084-85.

In other words, "[t]he Louisiana Supreme Court has interpreted this statute to mean that the plaintiff has the burden of showing the dangerous condition existed for some discrete period of time; it is not enough simply to show that the condition existed before the plaintiff's injury."[14] In this case, however, the plaintiff has presented no evidence that the chicken blood was on the floor for any period of time before the plaintiff's accident.

The plaintiff testified at her deposition that she did not have any knowledge of how the chicken blood got on the floor or how long the chicken blood was on the floor before she slipped on it.[15] When asked if she saw anything in the substance such as dirt, footprints, or buggy tracks she answered "No."[16] She further testified that there was nothing about the substance or the surrounding area that would help to determine how long the chicken blood had been on the floor before she slipped.[17]

Similarly, Tasha Nora, an employee of Brookshire testified that she did not know how the chicken blood got on the floor or how long it was there before the plaintiff's accident. Nora was nearby when a customer alerted her that the plaintiff

---

[14] *Adams v. Dolgencorp, L.L.C.*, 559 Fed. App'x 383, 385 (5th Cir. 2014).

[15] Rec. Doc. 20-3 at 14, 15.

[16] Rec. Doc. 20-3 at 9-10.

[17] Rec. Doc. 20-3 at 15.

slipped, and she immediately went to the plaintiff.[18] After the plaintiff explained to her what happened, Nora testified that she saw a substance on the floor that she identified as chicken blood.[19] However, Nora further testified that at the time the plaintiff slipped she was scanning her whole area and did not see the chicken blood on the floor and if she did, she would have cleaned it up.[20] This Court also carefully reviewed the videotape placed into evidence.[21] The videotape does not show the chicken blood on the floor at the site of the accident at any time. Therefore, the videotape does not depict how long the chicken blood was on the floor before the plaintiff's accident.

In summary, the plaintiff has presented no evidence showing how the chicken blood came to be at the location of the accident. Therefore, this Court finds that the plaintiff has not proven that Brookshire created the condition that led to the accident or that Brookshire had any actual notice of the existence of the condition. Similarly, because the plaintiff has not proven that the chicken blood was on the floor of the Brookshire store for a period of time before the accident, the plaintiff has failed to

---

[18]    Rec. Doc. 20-5 at 2.

[19]    Rec. Doc. 20-5 at 5-6.

[20]    Rec. Doc. 20-5 at 8.

[21]    Rec. Doc. 20-4.

prove that Brookshire had constructive notice of the condition. Because the plaintiff cannot prove the second element of the three-part test for merchant liability, it is not necessary for this Court to address the third element, i.e., whether Brookshire exercised reasonable care. Furthermore, the plaintiff's inability to prove the second element mandates summary judgment in Brookshire's favor.

D. **THE JURISPRUDENCE SUPPORTS SUMMARY JUDGMENT IN BROOKSHIRE'S FAVOR**

The factual scenario presented in this case is similar to that of other cases where summary judgment has been rendered in favor of a merchant. The seminal case on constructive notice in merchant liability situations is *White v. Wal-Mart Stores, Inc.*[22] There, a female customer in a Wal-Mart store slipped and fell in a liquid substance on the floor of the snacks aisle. The trial court found for the plaintiff and awarded damages, the appellate court affirmed, but the Louisiana Supreme Court reversed the lower courts, finding that the applicable statute had not been properly applied. While the claimant had proven that a liquid substance was on the floor at the time of her fall, she had not proven that it had been there for some period of time. Therefore, she had not proven that the merchant defendant had constructive notice of

---

[22] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997).

the condition that allegedly caused her fall. The court said: "Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence."[23]

In *Taylor v. Wal-Mart Stores, Inc.*,[24] the same result was reached. There, a lady slipped and fell on water in a check-out lane at a New Orleans Wal-Mart. The plaintiff relied on video surveillance showing a steady stream of customers flowing through the check-out lane for an hour before the accident. It does not appear that anyone looked at the floor of the area during that time, and nobody else slipped or fell. The plaintiff argued that no Wal-Mart employee inspected the area for water during that time period, suggesting that Wal-Mart failed to exercise reasonable care. But the district court found, and the Fifth Circuit agreed, that the plaintiff was required to make a positive showing of the existence of the condition for some time period prior to the fall. Because the video did not show the water on the floor, no such showing was made. The courts found that it was not enough to speculate that the water must have been there for over an hour because the video failed to show the

---

[23] *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1086.

[24] *Taylor v. Wal-Mart Stores, Inc.*, No. 10-1503, 2011 WL 3439928 (E.D. La. Aug. 8, 2011), aff'd 464 Fed. App'x 337 (5th Cir. 2012).

water being spilled on the floor during the hour preceding the fall. The courts agreed that the plaintiff failed to establish the notice element of her claim. The district court granted summary judgment in Wal-Mart's favor, and the Fifth Circuit affirmed.

The Fifth Circuit followed *Taylor* in ruling on *Adams v. Dolgencorp, L.L.C.*[25] There, a female customer fell in a Dollar General store. After the accident, it was discovered that she had slipped in lotion that had been spilled on the floor. Video surveillance did not show the lotion on the floor or an event resulting in the lotion being spilled. Two employees were working nearby, but they did not see the lotion on the floor before the accident occurred. The court found that the plaintiff failed to produce evidence showing that Dollar General had actual or constructive knowledge of the spilled lotion or any evidence showing when or how the lotion was spilled. The appellate court affirmed the district court's granting of summary judgment in Dollar General's favor.

The same result was also reached in *Mohammed v. P.F. Chang's China Bistro*.[26] There, a customer at a P.F. Chang's restaurant slipped and fell while walking to the restroom. When she got up, she found that her pants were wet and concluded that she had slipped in a liquid substance on the floor. The plaintiff argued

---

[25] *Adams v. Dolgencorp, L.L.C.*, 559 Fed. App'x 383 (5th Cir. 2014).

[26] *Mohammed v. P.F. Chang's China Bistro*, 548 Fed. App'x 236 (5th Cir. 2013).

that a spill in the kitchen had been tracked on an employee's shoes to the area near the kitchen and restroom doors. Citing *White* and *Taylor*, the court found that the plaintiff failed to meet her burden of proving that the liquid was on the floor for any length of time. The appellate court affirmed the district court's granting of summary judgment in the restaurant's favor.

The result reached in *Bearb v. Wal-Mart Louisiana, Ltd.*,[27] was consistent. There, the plaintiff slipped on a liquid in the Marksville Wal-Mart. But she offered only speculation as to how the liquid might have gotten on the floor, suggesting that it might have leaked from a skylight or off of wet shopping carts, and no evidence was presented establishing how long the water was on the floor before her accident. The appellate court affirmed the district court's granting of summary judgment in Wal-Mart's favor.

Finally, the very recent Fifth Circuit decision in *Duncan v. Wal-Mart Louisiana, LLC.*,[28] also remains consistent. There, the plaintiff was a Wal-Mart employee that slipped and fell on a mat in front of an ice freezer. When she got up, she noticed the mat shifted when she fell and she saw water under the mat. However, the plaintiff offered no evidence to explain how the water got under the mat or how

---

[27] *Bearb v. Wal-Mart Louisiana, Ltd.*, 534 Fed. App'x 264 (5th Cir. 2013)

[28] *Duncan v. Wal-Mart Louisiana, LLC.*, No. 16-31223, 2017 WL 2991234, (5th Cir. 2017).

long it had been there before her fall. Therefore, the appellate court affirmed the district court's granting of summary judgment in Wal-Mart's favor.

The facts presented in the instant case are virtually identical to those of the cases cited above. The plaintiff can establish a condition – the chicken blood– but she cannot establish actual or constructive notice. Therefore, Brookshire is entitled to summary judgment in its favor.

## CONCLUSION

Because the plaintiff has not proven the notice element of her claim for merchant liability, Brookshire's motion for summary judgment (Rec. Doc. 20) is GRANTED, and the plaintiff's claims are dismissed with prejudice.

Signed at Lafayette, Louisiana on this 28th day of July 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE